862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jimmy LOGAN, Plaintiff-Appellant,
v.
E.K. WHITLEY; R.J. Allen, County Commissioner; Mike
Cortillis, County Commissioner; Earl Yeager, Sheriff; Jan
Murphy, Jail Administrator, County of McDowell, Welch, West
Virginia, Defendants-Appellees.
 No. 87-6720.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 20, 1988.
Decided: Nov. 10, 1988.
 
 Jimmy Logan, appellant pro se.
 Before MURNAGHAN, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jimmy Logan, a West Virginia inmate currently incarcerated at the McDowell County Jail, brought this action pursuant to 42 U.S.C. Sec. 1983 alleging that the defendants have violated his rights because they have refused to transfer him to the state penitentiary at Huttonsville. The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d) on the ground that Logan had no constitutional right to choose the place of his confinement. For the reasons discussed below, we vacate the dismissal and remand the case for further consideration.
 
 
 2
 The district court was correct that the due process clause does not in and of itself create a liberty interest in being housed in a particular penal facility. Meachum v. Fano, 427 U.S. 215 (1976). However, the state, through its laws and regulations, may create such a liberty interest and, if it does, this interest is entitled to federal due process protection. Meachum, 427 U.S. at 228, Montanye v. Haymes, 427 U.S. 236, 242 (1976). See also Hewitt v. Helms, 459 U.S. 460, 469 (1983).
 
 
 3
 This sort of due-process-protected liberty interest is created when a state places "substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). As one court has written in the context of transfers into administrative segregation, "where statutes or prison policy statements have limited prison officials' discretion by imposing a specific prerequisite to the forfeiture of benefits or favorable living conditions enjoyed by a prisoner, an expectation or entitlement has been created which cannot be taken away without affording the prisoner certain due process rights." Bills v. Henderson, 631 F.2d 1287, 1292-93 (6th Cir.1980); see also Maldonado Santiago v. Velazquez Garcia, 821 F.2d 822 (1st Cir.1987); Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937 (11th Cir.1987), cert. denied, 56 U.S.L.W. 3666 (U.S. Mar. 29, 1988) (No. 87-849).
 
 
 4
 Thus, the key issue in this case is whether West Virginia law has created, in the manner outlined above, a liberty interest in serving one's sentence in the state penitentiary rather than in a county jail. We believe that such a liberty interest may indeed exist.
 
 
 5
 Chapter 61 of the West Virginia Code defines crimes and prescribes their penalties. A large number of the statutes in this chapter provide that a person convicted of a particular crime shall be imprisoned in the penitentiary. A second class of statutes allows those convicted of certain crimes to be imprisoned in a jail but only at the direction of the sentencing court. The West Virginia Supreme Court has held that this "statutory scheme thus not only contemplates, but mandates, a system in which convicts sentenced to the penitentiary are received by the Department of Corrections and incarcerated in a state penal facility. State ex rel. Dodrill v. Scott, 352 S.E.2d 741, 745 (1986) (emphasis in original). It seems, therefore, that West Virginia convicts sentenced under these mandatory statutes may have a state-created liberty interest in being incarcerated in state, not county, penal facilities.
 
 
 6
 In this case, Logan alleged in his complaint that he was sentenced to one to five years to be served at the state penitentiary at Huttonsville. He further alleged that prison officials have refused to transfer him from the county jail where he presently resides to this state facility. We disagree with the district court that, on these facts, it is "beyond doubt" that Logan has failed to state a claim for relief under Sec. 1983. See Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). Arguably, the prison officials' allegedly arbitrary refusal to transfer him to the state penitentiary amounts to a deprivation of liberty without due process of law. Accordingly, we vacate the district court's order dismissing the case and remand for further consideration.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.